RAMÓN PÉREZ CORTÉS, Petitioner, *v.* DISTRICT
COURT OF MAYAGÜEZ, Respondent.

No. 1218.—Argued November 12, 1940.—Decided December 17, 1940.

*José Martínez Betancourt* for petitioner. *Carlos García Méndez* for
plaintiff in the main action.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the
court.

This appeal relates to the deposit of rent due and the
furnishing of a bond in cases of appeals from judgments of
eviction *(desahucio)*.

Emiliano Ortiz brought, in the Municipal Court of San
Germán, an action entitled "unlawful detainer and recovery
of rent," against Ramón Pérez. The complaint sets forth
three causes of action.

In the first count it is alleged that the plaintiff is the
owner of a lot and house located on the corner of Luna and
Príncipe Alfonso Streets, in the city of San Germán, that

the defendant occupies the ground floor of the house under a lease providing for a monthly rental of twenty-two dollars payable at the end of each monthly period; and that upon an instalment of rent becoming due on June 30, 1939, he failed to pay the same.

By the second it is set up that at the time the plaintiff acquired the property, the defendant already occupied the ground floor of the house by virtue of a verbal agreement with the former owner, and that he continued to occupy it in the same way; and that the plaintiff had served notice on the defendant that he desired to terminate the contract on June 30, but on that date the defendant failed to vacate the property and on the contrary he has refused to surrender the premises to the plaintiff.

And by the third it is charged that the defendant owes to the plaintiff rental amounting to twenty-two dollars which corresponds to June, 1939, and refuses to pay the same.

The defendant was summoned in the ordinary form in connection with the third cause of action, that is, the one relating to the recovery of the twenty-two dollars as rent due on June 30, 1939, and he was summoned in the form prescribed by the special law of unlawful detainer in connection with the first and second causes of action.

The defendant demurred to the complaint for insufficiency and answered the same. He admitted the allegations of the first cause of action, except the one relative to the nonpayment; he admitted those of the second, except the averment that the plaintiff had informed him of his desire to terminate the contract; and he denied those of the third.

There is no showing as to the form in which the trial was held. There only appears a lengthy "judgment" of the municipal court which concludes thus:

"For the reasons above set forth, the court decides to sustain, and it does hereby sustain, the complaint and decrees the eviction of the defendant, his relatives, sublessees, and any other person who may be under his order and in the custody of the property referred

to in the complaint, within 20 days, counted from the time when this judgment becomes final (*firme*), and adjudges him to pay the sum of $22, the amount of the instalment of rent due and unpaid, pertaining to the month of June 1939, together with interest on said sum at the legal rate from July 15, 1939, the date on which this complaint was filed, and costs.''

The defendant appealed to the district court, and the municipal court allowed the appeal in the following terms:

''...that the defendant deposit the amount due up to the date of the judgment, and also furnish a bond in the sum of $240 as security for all damages which may be occasioned to the plaintiff and to cover the costs of the appeal.

''San Germán, Puerto Rico, this 24th day of November 1939.— (Sgd.) Luis Angel Limeres, Municipal Judge.

''5 months at $22 _____ $110. 00
''Costs _____ 7. 25
''Int. on $22 up to Nov. 21 _____ 1. 00
''Bond _____ 240. 00

$358. 25''

The sum of $358.25 was accordingly deposited and the record was sent up to the District Court of Mayagüez. The hearing was set for April 11, 1940, but it was continued at the request of both parties.

At this stage, on the 1st of the following May, the appellee filed a motion to dismiss the appeal on the ground that the defendant-appellant had failed to deposit the instalment of rent which had become due on the day before, that is, April 30. The appellant objected because he was not bound to make the deposit, as an unlawful detainer proceeding for nonpayment of rent was not involved, the basis of the action being the termination of the lease; and because after the eviction based on the termination of the contract had been decreed, and upon his taking the appeal, he filed the bond required by the court to cover all damages which the plaintiff might suffer by reason of the appeal, thus complying with the purposes of the law.

After the parties had been heard upon the motion, the district court denied the same. A reconsideration was then sought which the court also denied.

Thereupon the defendant-appellant Pérez instituted a certiorari proceeding in this court. The writ was issued, the parties were heard on the twelfth of last November, and the case was finally submitted to us for consideration and decision.

■ Although the question of misjoinder of causes of action or, more specifically, whether the unpaid rent can be recovered within the summary action of unlawful detainer, has not been discussed by the parties, we think it opportune to call attention to the holding of this court in the case of *Finlay* v. *R. Fabián & Co.*, 24 P.R.R. 140, 147, thus:

"The action of unlawful detainer is a special proceeding of a summary character the purpose of which is to recover the material possession of real property by evicting therefrom the person who may detain or hold the same without paying any rental or other consideration, or the person to whom the property is leased when he fails to comply with any of the conditions of the lease. *Garcia* v. *Brignoni*, 22 P.R.R. 331, and cases cited. The only pronouncement that a judgment of unlawful detainer may contain is whether such action is sustained and, if so, to order the dispossession of the property. The said proceeding was not established for the purpose of recovering amounts due for rent, for its defenses are limited, although the failure to pay the rent is one of the causes which give rise to the action of unlawful detainer. The case of *Cordero* v. *Porto Rico Publishing Co.*, 9 P.R.R. 285, which allowed the joinder of actions for the recovery of rent and for eviction, was an ordinary action and not the special action of unlawful detainer."

See also the cases of *Coira* v. *Ortiz*, 18 P.R.R. 211, *O'Rourke* v. *Pacheco*, 18 P.R.R. 943, 947.

■■ Turning now to the question of the deposit, we will say that the case is really confusing.

Let us examine the law. It provides:

"Whenever the action of unlawful detainer is founded upon the nonpayment of the amounts agreed upon, the defendant shall be

denied the right of appeal unless he deposits in the office of the secretary of the court the amount due as the price up to the date of the judgment. In all other cases it shall be an indispensable requisite to the right of appeal on the part of the defendant that he furnish an undertaking, to the satisfaction of the court, binding himself to pay all damages which may be occasioned to the plaintiff, and also the costs of the appeal. Both the deposit and the undertaking referred to in this section shall be made, or filed within the time granted for taking an appeal." Sec. 12 of the special law of unlawful detainer, which is sec. 631 of the Code of Civil Procedure, 1933 ed.

As has already been shown, the municipal judge before allowing the appeal required that there should be deposited not only the amount of the five monthly instalments of rent which were due at the time of the appeal, but also the costs of the suit and the interest on the unpaid rent and in addition two hundred and forty dollars as security for damages. This means that the municipal judge acted so favorably towards the defendant that the latter's rights were secured in the two ways which the statute provides for different situations.

The appellant consented to all this. He even went further. The undertaking was furnished—the amount thereof being deposited—on November 24, 1939, and after the filing of the record in the district court, he continued to deposit therein the rentals. It was on the 1st day of May 1940, that a dismissal was sought for failure to deposit on the day before—April 30, 1940—the instalment due on that date, and it was on the ground of such failure that the dismissal was decreed.

On said date, May 1, 1940, the defendant-appellant had only failed to deposit the instalment of rent corresponding to the preceding April, twenty-two dollars, and he had deposited two hundred and forty dollars to cover any damage which the defendant-appellee might suffer by reason of the appeal, including, of course, the default in the payment of rent.

The appellee maintains that his action is based on non-payment of rent and that the law—first paragraph of the section above transcribed—is definite.

The first paragraph of the act is, indeed, clear, but it is not so as to the basis on which it is relied to demand its exclusive application as controlling this case. The confusion regarding such basis was created by the plaintiff-appellee himself in exercising two causes of action to obtain the eviction, and to claim the recovery of the unpaid instalment of rent. If the municipal court had proceeded exclusively on the non-payment of rent as a ground for the eviction, it would not have required the $240 undertaking, thus going into the field covered by the second paragraph of said act. Besides, what the defendant-appellant actually did in depositing the amount of the bond, was to deposit in advance the instalments of rent corresponding to at least ten months, of which that of April, 1940, was the first.

In the case of *Petition of Zeno*, 14 F. (2d) 418, 420, it was said:

"Although the point does not appear to have been taken by counsel in their briefs, we are of the opinion that, where the action of unlawful detainer in which an appeal is taken is based, not only on defaults in the payment of rent, but upon other grounds of default as well, it falls within the class of cases referred to in section 12 of the statute as 'all other cases,' and that the requirements of the section are met, and the appeal perfected, if an applicant furnishes a bond satisfactory to the District Court to pay all the damages and costs of appeal; that in such case an appellant is not required, in order to perfect and maintain his appeal, to pay into court the rents found in default and such others as may have accrued prior to taking the appeal, as the bond is intended as security to cover the rents, as well as any other damages the appellee may suffer by reason of the delay occasioned in taking the appeal; that it is only when the breach which is the foundation of the action is a default in the payment of rents alone that the appellant is required to pay the rents due and to become due into court to perfect and maintain his appeal; and as the present suit was based on other defaults, as well as a default in the payment of rents, the appeal

was properly perfected and can be maintained, the appellant having furnished a bond approved by the District Court to pay all damages and costs of appeal; . . ."

As the foregoing are the facts of the case, and as the interests of the appellee are fully protected the district court should not have decreed the dismissal of the appeal for lack of security, but the appeal should have been allowed to stand until decided on its merits. What we have said, however, should not preclude the appellee, in case the security should become insufficient and no extension thereof provided for, from again requesting the dismissal of the appeal.

In virtue thereof the order of dismissal must be set aside and the case remanded to the district court for further proceedings not inconsistent with this opinion.